**KIRTON McCONKIE**
Cameron M. Hancock (#5389)
chancock@kmclaw.com
James T. Burton (#11875)
jburton@kmclaw.com
Michael A. Eixenberger (#16446)
meixenberger@kmclaw.com
50 E. South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600

**MERCHANT GOULD P.C.**
Thomas J. Leach*
tleach@merchantgould.com
Michael A. Erbele*
merbele@merchantgould.com
Taylor R. Stemler*
tstemler@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300
* *To be admitted pro hac vice*

*Attorneys for PowerBlock Holdings, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| POWERBLOCK HOLDINGS, INC.<br><br>                Plaintiff,<br>v.<br>IFIT, INC.<br><br>                Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 1:22-cv-00132-JNP |

Plaintiff PowerBlock Holdings, Inc., through its undersigned attorneys, for its Complaint against Defendant iFIT, Inc., alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271 *et. seq.*, by PowerBlock Holdings, Inc. ("Plaintiff") against Defendant iFIT, Inc. ("Defendant" or "iFIT") for infringement of U.S. Patent No. 7,578,771 ("the '771 Patent").

2. This is also an action for unfair competition arising under Utah Code Ann. § 13-5a-103, *et seq.* by Plaintiff against Defendant.

## THE PARTIES

3. Plaintiff PowerBlock Holdings, Inc. is a Minnesota corporation with a registered office at 1071 32nd Avenue NW, Owatonna, Minnesota 55060 and principal place of business at 14255 South Cross Drive West, Burnsville, Minnesota 55306.

4. PowerBlock Holdings, Inc. and PowerBlock, Inc. (collectively "PowerBlock") share common ownership. PowerBlock, Inc. commercializes the intellectual property held by PowerBlock Holdings, Inc. PowerBlock, Inc. is a Minnesota corporation with a registered office at 1071 32nd Avenue NW, Owatonna, Minnesota 55060 and principal place of business at 14255 South Cross Drive West, Burnsville, Minnesota 55306.

5. On information and belief, Defendant iFIT, Inc. is a Delaware corporation with its principal place of business at 1500 S 1000 W Logan, UT 84321.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the patent infringement claim asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7. This Court has original jurisdiction over the state law unfair competition claim under 28 U.S.C. § 1338(b) because the unfair competition claim is joined with a substantial and

related claim under the patent laws of the United States. This Court also has supplemental jurisdiction over the state law unfair competition claim under 28 U.S.C. § 1367(a), as the state law claim is so closely related to Plaintiff's federal claims under the patent laws that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000 exclusive of fees and costs, this Court also has diversity jurisdiction over the parties under 28 U.S.C. § 1332.

9. This Court has general and specific personal jurisdiction over Defendant iFIT because Defendant has its principal place of business in the State of Utah and regularly transacts business in the State of Utah and within this District. In addition, Defendant's infringing acts have occurred, at least, in Utah.

10. Venue for the patent infringement claim is proper in this District under 28 U.S.C. §1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

11. Venue for the state law unfair competition claim is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its principal place of business in the State of Utah, regularly transacts business in the State of Utah, and is therefore subject to this Court's personal jurisdiction. In addition, Defendant's acts of unfair competition have occurred, at least, in Utah.

## POWERBLOCK'S BUSINESS, BRAND, AND TECHNOLOGY

12. Since 1993, PowerBlock has designed and sold unique weightlifting and fitness equipment, including PowerBlock's adjustable dumbbells. Examples of some of PowerBlock's adjustable dumbbells are shown below:

 

13. PowerBlock has become an industry leader in designing, developing, marketing, and selling adjustable dumbbells and weightlifting and fitness equipment in the United States and around the world.

14. Over the years, PowerBlock has spent significant time and resources researching, designing, and developing new and innovative technology and products.

15. PowerBlock's many innovations have been recognized through the grants of multiple patents by the United States Patent and Trademark Office and other patent offices around the world. PowerBlock has also cultivated a brand, second to none in the fitness industry, which is known for making innovative, high-quality, fitness equipment. Its brands, including the distinctive and highly recognized shape of its adjustable dumbbells, were awarded trademark protection by multiple countries around the world, including the United States, Canada, Europe and China.

16. PowerBlock takes great care to protect and carefully manage its intellectual property portfolio, including its patents, copyrights, trademarks, trade secrets, and confidential information, as they are valuable assets of the company.

**POWERBLOCK'S PATENT-IN-SUIT**

17. On August 25, 2009, United States Patent No. 7,578,771 titled "WEIGHT SELECTION AND ADJUSTMENT SYSTEM FOR SELECTORIZED DUMBBELLS

INCLUDING MOTORIZED SELECTOR POSITIONING" was duly and legally issued from United States Patent Application No. 11/999,742, filed on December 6, 2007, which claims priority to Provisional Application No. 61/873,681, filed on December 8, 2006. Attached hereto as Exhibit A is a true and correct copy of the '771 Patent. Plaintiff PowerBlock Holdings, Inc. owns all right, title, and interest in and to the '771 Patent and has held all right, title, and interest in and to the '771 patent for all relevant times, including the right to sue for and collect past, present and future damages.

18. The '771 Patent relates to selectorized dumbbells. (*See* Exhibit A at 1, Abstract.) For example, Claim 20 of the '771 Patent requires, *inter alia*: a selectorized dumbbell with: a handle; weight plates; an electric motor that causes the weight plates to be coupled to each end of the handle; and a data entry device to allow users to input a weight selection decision and control the motor. (*See* Exhibit A, Claim 20.)

## DEFENDANT'S INFRINGING PRODUCTS

19. Defendant iFIT is "a health and fitness subscription technology company." (*See* https://company.ifit.com/en/our-story/.) According to its website, "The iFIT platform is offered across a strategically wide range of brands." (*See* https://company.ifit.com/en/our-brands/.)

20. One of iFIT's brands is NordicTrack. (*See id.*) According to a letter from iFIT's counsel, Foley & Lardner, dated June 1, 2022, "iFIT Inc. sells products under the NordicTrack brand. NordicTrack Inc. is not an active company." (Exhibit B.) Through its NordicTrack brand, iFIT competes directly with PowerBlock Inc. in the adjustable dumbbell space.

### *The Infringing NordicTrack iSelect Adjustable Dumbbell*

21. iFIT manufactures and sells the NordicTrack iSelect Adjustable Dumbbells, pictured below:



(*See* https://www.nordictrack.com/strength-training/iselect-voice-controlled-dumbbells.)

22.     The operation and technical details of the NordicTrack iSelect Adjustable Dumbbells are shown, for example, on iFIT's website, in its product manuals, and on third party websites.

23.     The NordicTrack iSelect Adjustable Dumbbells contain, *inter alia*: a selectorized dumbbell with: a handle; weight plates; an electric motor that causes the weight plates to be coupled to each end of the handle; and a data entry device to allow users to input a weight selection decision and control the motor.

24.     Claim 20 of the '771 Patent requires, *inter alia*: a selectorized dumbbell with: a handle; weight plates; an electric motor that causes the weight plates to be coupled to each end of the handle; and a data entry device to allow users to input a weight selection decision and control the motor. The NordicTrack iSelect Adjustable Dumbbells, pictured below, includes all these features:

       a.  Weight plates and a handle:

      b. Electric motor that causes weight plates to be coupled to each end of the handle:



      c. Data entry device

25. As shown in the claim chart attached as <u>Exhibit C</u>, the NordicTrack iSelect Adjustable Dumbbells contain every element of at least Claim 20 of the '771 Patent.

**<u>DEFENDANT'S KNOWLEDGE OF ITS INFRINGEMENT</u>**

26. iFIT has had actual knowledge of its infringement of the '771 Patent since at least February 18, 2022, when PowerBlock sent iFIT a cease-and-desist letter, along with a copy of the '771 Patent, requesting that iFIT cease its infringement of the '771 Patent. (*See* <u>Exhibit D</u>.) PowerBlock sent iFIT a second cease-and-desist letter on May 12, 2022, again requesting that iFIT cease its infringement of the '771 Patent. (*See* <u>Exhibit E</u>.) On information and belief, iFIT has known of the existence of the '771 Patent prior to February 18, 2022. For example, on June 5, 2017, iFIT received an Office Action from the USPTO, rejecting iFIT's patent application for the

NordicTrack iSelect Adjustable Dumbbells as being obvious over the '771 Patent. (*See* Exhibit F at 6.)

27. Plaintiff has complied with any applicable requirements of the patent marking statute pertaining to the '771 Patent.

## COUNT I

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,578,771

28. Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

29. Plaintiff owns all right, title, and interest in and to the '771 Patent, including the right to prosecute this action; to enforce the '771 Patent against infringement; and to collect damages for all relevant times.

30. The '771 Patent is generally directed to selectorized dumbbells.

31. iFIT has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '771 Patent by making, using, selling, offering for sale, and/or importing the NordicTrack iSelect Adjustable Dumbbells into the United States.

32. As shown, for example and without limitation, in the attached claim chart, the NordicTrack iSelect Adjustable Dumbbells meet every limitation of at least independent Claim 20 of the '771 Patent. (*See* Exhibit C.)

33. iFIT has had actual knowledge of its infringement of the '771 Patent since at least February 18, 2022, when PowerBlock sent iFIT a cease-and-desist letter, along with a copy of the '771 Patent, requesting that iFIT cease its infringement of the '771 Patent. (*See* Exhibit D.) PowerBlock sent iFIT a second cease-and-desist letter on May 12, 2022, again requesting that iFIT

cease its infringement of the '771 Patent. (*See* Exhibit E.) Since obtaining knowledge of its infringement, Defendant has failed to cease its infringing activities.

34. iFIT has committed acts of infringement of the '771 Patent, despite knowledge that these actions constituted infringement of a valid patent. Its infringement of the '771 Patent has been and continues to be willful and deliberate making this case exceptional. iFIT's willful infringement entitles Plaintiff to treble damages under 35 U.S.C. § 284.

35. Plaintiff has been damaged by iFIT's infringement of the '771 Patent and will continue to be damaged in the future unless iFIT is permanently enjoined from infringing the '771 Patent and from selling infringing products. iFIT competes directly with PowerBlock, Inc., and Plaintiff has no adequate remedy at law.

36. PowerBlock, Inc. has lost sales of its competing products due to iFIT's infringement of the '771 Patent. Plaintiff is entitled to receive at least a reasonable royalty for its damages caused by iFIT's infringement.

37. Defendant's infringement is exceptional and entitles Plaintiff to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II

## UTAH UNFAIR COMPETITION ACT

38. Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

39. Plaintiff owns all right, title, and interest in and to the '771 Patent, including the right to prosecute this action; to enforce the '771 Patent against infringement; and to collect damages for all relevant times.

40. The '771 Patent is generally directed to selectorized dumbbells.

41.     iFIT has infringed, and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '771 Patent by making, using, selling, offering for sale, and/or importing the NordicTrack iSelect Adjustable Dumbbells into the United States.

42.     As shown, for example and without limitation, in the attached claim chart, the NordicTrack iSelect Adjustable Dumbbells meet every limitation of at least independent Claim 20 of the '771 Patent. (*See* Exhibit C.)

43.     iFIT has known of the existence of the '771 Patent since at least June 5, 2017, when iFIT received an Office Action from the USPTO, rejecting iFIT's patent application for the NordicTrack iSelect Adjustable Dumbbells as being obvious over the '771 Patent. (*See* Exhibit F at 6.)

44.     iFIT has committed unlawful and unfair intentional business acts by knowingly and intentionally infringing the '771 Patent in bad faith since at least June 5, 2017, and refusing to cease its knowing and intentional infringement even after PowerBlock sent iFIT multiple cease-and-desist letters, along with copies of the '771 Patent, requesting that iFIT cease its infringement of the '771 Patent. (*See* Exhibit D; Exhibit E.)

45.     iFIT's bad faith infringement of the '771 Patent has led to a material diminution in the value of PowerBlock's patent portfolio. For example, PowerBlock's inability to exclude iFIT from practicing the invention of the '771 Patent, despite iFIT's knowledge thereof, has damaged PowerBlock.

46.     Through its NordicTrack brand, iFIT competes directly with PowerBlock Inc. in the adjustable dumbbell space. PowerBlock has lost sales of its competing products due to iFIT's infringement of the '771 Patent.

47. Plaintiff has been damaged by iFIT's unlawful and unfair intentional business acts and will continue to be damaged in the future unless iFIT is permanently enjoined from infringing the '771 Patent and from selling infringing products. iFIT competes directly with PowerBlock, Inc., and Plaintiff has no adequate remedy at law.

48. iFIT's unlawful and unfair intentional business acts, which also constitute patent infringement, entitles Plaintiff to its actual damages and its attorneys' fees and costs under Utah Code § 13-5a-103.

49. The circumstances surrounding iFIT's unlawful and unfair intentional business acts justify awarding Plaintiff punitive damages under Utah Code § 13-5a-103.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the patent infringement and unfair competition claims set forth above and respectfully requests the Court grant the following relief:

a. A judgment that Defendant has infringed at least one claim of United States Patent No. 7,578,771;

b. An injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through them, directly or indirectly, from making, using, importing, selling, and/or offering for sale any product that infringes, directly or indirectly, United States Patent No. 7,578,771;

c.  A judgment and order requiring Defendant to pay damages to Plaintiff under 35 U.S.C. § 284, with interest, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

d.  A finding that this case is exceptional under 35 U.S.C. § 285 and a judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest;

e.  A judgment that Defendant has unfairly competed with Plaintiff in violation of Utah Code § 13-5a-103;

f.  A judgment and order requiring Defendant to pay actual damages to Plaintiff, with interest, and to pay the costs of this action (including all disbursements) and attorney fees, with interest, under Utah Code § 13-5a-103;

g.  A judgment and order requiring Defendant to pay punitive damages to Plaintiff, with interest; under Utah Code § 13-5a-103; and

e.  Such other and further relief as this Court may deem just and equitable.

Dated this 5th day of October, 2022    Respectfully submitted,

By: /s/ James T. Burton

**KIRTON McCONKIE**
Cameron M. Hancock (#5389)
chancock@kmclaw.com
James T. Burton (#11875)
jburton@kmclaw.com
Michael A. Eixenberger (#16446)
meixenberger@kmclaw.com
50 E. South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600

**MERCHANT GOULD P.C.**
Thomas J. Leach*
E-mail: tleach@merchantgould.com
Michael A. Erbele*
E-mail: merbele@merchantgould.com
Taylor R. Stemler*
E-mail: tstemler@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300

*Attorneys for Plaintiff PowerBlock Holdings, Inc.*

*\* To be admitted pro hac vice*

13